JON M. SANDS
Federal Public Defender
**Elizabeth M. Hannah** #038868
407 W. Congress St., Suite 501
Tucson, AZ 85701
Tel. 520-879-7500
elizabeth_hannah@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | 26-08852mj-TUC-JCH (MSA) |
| Plaintiff, | RESPONSE TO GOVERNMENT'S APPEAL AND MOTION FOR ACCELERATED HEARING OR AFFIRMATION ON THE EXISTING RECORD |
| vs. | |
| Migdelia Irma Mendoza, | |
| Defendant | |

On April 21, 2026, the government moved to stay and revoke the release order in this case, issued earlier that day by Magistrate Judge Ambri. Doc. 3. As described in defendant Migdelia Irma Mendoza's response, Doc. 4, there is no basis for the issuance of an automatic stay, and the government has failed to provide any analysis supporting its stay request. If the Court nevertheless concludes that a stay pending review is appropriate, Ms. Mendoza respectfully requests that the Court (1) accelerate the date of any hearing on the government's motion, or (2) alternatively, affirm the release order on the merits—and without a hearing—because the existing record supports release and the government has not indicated that it will present new evidence.

**I.      The Court should accelerate the date of any hearing.**

Motions for revocation of release orders "shall be determined promptly." 18 U.S.C. § 3145(a). "Promptly" means "without delay: very quickly or immediately." Promptly,

*Merriam-Webster's Dictionary*, https://www.merriam-webster.com/dictionary/promptly (last visited April 22, 2026).

The statutory directive to determine motions for revocation "promptly" is consistent with the Bail Reform Act's charge to hold detention hearings "immediately upon the person's first appearance before the judicial officer." 18 U.S.C. § 3142(f). "Except for good cause," continuance of a detention hearing on the government's motion "may not exceed three [business] days." *Id.* In this case, the government made its detention arguments at Ms. Mendoza's initial appearance. It did not seek a three-day continuance, much less provide "good cause" to establish that a continuance beyond three days would be necessary.

The reason detention review hearings should be held "promptly" is straightforward: Even a brief deprivation of liberty can have catastrophic consequences for presumptively innocent defendants, who risk losing their jobs, homes, and children; whose financial obligations can be irreparably disrupted; and whose medical needs can go untreated. One or two additional weeks in jail is a ruinous life event that is wholly unnecessary in cases in which a magistrate judge's release order will ultimately be affirmed.

As such, any hearing should be set immediately rather than out to allow for additional briefing. *See* LRCiv 7.2(c)-(d) (providing for 14 and 7 days to file a response and reply); LRCrim 12.1(a) (incorporating LRCiv 7.2). No additional briefing is needed here. Detention hearings are typically conducted without briefing, the parties know the applicable legal framework, and this case does not involve any novel legal question that would benefit from briefing. Further, the Court's review under § 3145(a) is not a true "appeal" that would require reviewing transcripts, deference, or evaluating another judge's findings or rulings. *United States v. Koenig*, 912 F.2d 1190, 1192, 1193 (9th Cir. 1990). Motions are regularly resolved on accelerated schedules. *See, e.g.*, 9th Cir. R. 27-

3 (providing for "emergency motions" when "a movant needs relief within 21 days"). Thus, a delay for additional briefing is unnecessary.

### II.    The release order can be affirmed without a hearing.

Magistrate Judge Ambri correctly determined that release on conditions, as recommended by Pretrial Services, will "reasonably assure" Ms. Mendoza's appearance and the safety of the community. 18 U.S.C. § 3142(f), (g); *see also* Doc. 2-1 (Release Order), Doc. 6 (Pretrial Services Report).

The charge here does not trigger a "presumption" of detention. 18 U.S.C. § 3142(e).

The Bail Reform Act mandates release unless "no condition or combination of conditions will reasonably assure" the person's appearance and the community's safety. 18 U.S.C. §§ 3142(b), (e)(1). The government bears the burden of proving any risk of flight by a preponderance of the evidence and any danger by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Court then considers the factors in 18 U.S.C. § 3142(g) in determining whether adequate release conditions exist. "Doubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

The Pretrial Services Report is verified, Doc. 6, and provides the following information:

Ms. Mendoza is a U.S. citizen and lifelong Arizona resident with no prior felony convictions. Her single prior conviction is a misdemeanor from 2006 that appears to be traffic related and resulted in a fine. Her single failure to appear was also in 2006, related to this misdemeanor conviction. She has only two other police contacts, which led to either dismissals or non-prosecutions, and which both preceded 2010.

Ms. Mendoza has had a verified residence for the past four years to which she can return. She lives at the residence with her two children and niece. She has also held down a stable job for more than a decade. Though not explicitly discussed in the Pretrial

Services Report, she informed undersigned counsel that she is the primary caretaker for her two children. (This is consistent with information provided by Ms. Mendoza's brother, that she "is a single mother to minor daughters.")

In its motion for review, the Government seems to suggest that the existence of an Arizona Motor Vehicle record showing an additional address for Ms. Mendoza in Green Valley, Arizona supports the conclusion that she is either a danger or a flight risk. This assertion is completely without merit in the context of an otherwise verified Pretrial Services Report.

Ms. Mendoza has no history of substance use beyond occasional alcohol consumption and experimental marijuana/hallucinogen use at age 19. She reported only "claustrophobia" and occasional anxiety as mental health concerns. Any mental health or substance use issues were so minimal that Pretrial Services Recommended neither a drug testing condition nor a mental health treatment condition, and Judge Ambri determined that no such conditions were necessary.

Ms. Mendoza has a degenerative disk disorder in her back that requires ongoing medical treatment.

Although Ms. Mendoza has ties to Mexico—as do many defendants who pass through the District of Arizona—she is a U.S. citizen with a primary residence in Arizona. She understands that any travel to Mexico during pretrial release will require court authorization.

Ms. Mendoza is charged with a serious felony offense under 18 U.S.C. § 554(a)—knowing exportation of goods in violation of U.S. law, including a large quantity of firearms and firearm components. The record is otherwise devoid of any information to suggest that Ms. Mendoza poses a danger to the community, and the government has not explained why the nature of this charge alone would support the conclusion that she is a flight risk. Moreover, the weight of the evidence is "the least important" factor for this Court to consider. *Motamedi*, 767 F.2d at 1408. At this stage, "we cannot and do not

anticipate what a jury would find or what defenses might be offered or what evidence might be excluded." *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).

### Conclusion

The government has not met its burden to prove that "no condition or combination of conditions will reasonably assure" Ms. Mendoza's appearance and the safety of the community. 18 U.S.C. §§ 3142(b), (e)(1). If doubt regarding the propriety of release remains, it "should be resolved in favor of the defendant." *Motamedi*, 767 F.2d at 1405. Ms. Mendoza respectfully requests that the Court accelerate any hearing set in this case. Alternatively, she requests that the Court affirm Judge Ambri's release order without a hearing.

RESPECTFULLY SUBMITTED:    April 22, 2026.

JON M. SANDS
Federal Public Defender

/s/ *Elizabeth M. Hannah*
ELIZABETH M. HANNAH
Assistant Federal Public Defender

5